UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WES BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-146 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Summary Judgment [Doc. 10], and the defendant's Motion For Summary Judgment. [Doc. 14]. Plaintiff Wes Barnes seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

## BACKGROUND

Plaintiff was 31 years of age when the ALJ issued his decision (Tr. 22). He is not a high school graduate, but he completed a culinary arts course at a trade school, with work experience in that field. He alleges that he has been disabled since May, 2003, due to shortness of breath associated with extreme weight loss (for example, in August, 2003, he weighed 110 pounds, with a height of 6 feet). He alleges a diagnosis of intestinal malabsorption and inability to gain

weight, even while consuming "8,000 calories a day" (Tr. 413). He also alleges psychological problems which cause disabling limitations [Doc. 11].

**ANALYSIS AND BASIS FOR REMAND**

The Court finds that a remand is appropriate and necessary in this case for two reasons. First, the plaintiff argues that the ALJ failed to consider whether the plaintiff meets Listing of Impairments ("LOI") 5.08A. The LOI describes, for each of the major body systems, impairments which are considered severe enough to present a person from doing any gainful activity. The criteria for any listing is binding on the Commissioner, and if a claimant satisfies the listing criteria, he or she is found to be disabled, per se. Todd v. Apfel, 8 F. Supp.2d 747, 754 (W.D. Tenn. 1998), citing Johnson v. Secretary of Health & Human Services, 794 F.2d 1106 (6th Cir. 1986).

In the present case, plaintiff argues that a finding of disability is warranted under LOI 5.08A:

> **5.08 Weight loss due to any persisting gastrointestinal disorder:**
> (The following weights are to be demonstrated to have persisted for at least 3 months despite prescribed therapy and expected to persist at this level for at least 12 months). With:
>
> A. Weight equal to or less than the values specified in Table I or II.
>
> **Table I - Men**

| Height without shoes (inches) | Weight (pounds) |
| --- | --- |
| 67. . . . . . . . | . . . . . . . . 106 |
| 68. . . . . . . . | . . . . . . . . 109 |

2

| 69. . . . . . . . | . . . . . . . 112 |
| 70. . . . . . . . | . . . . . . . 115 |
| 71. . . . . . . . | . . . . . . . 118 |
| **72. . . . . . . .** | **. . . . . . . 122** |
| 73. . . . . . . . | . . . . . . . 125 |

The Commissioner concedes that the ALJ did not address whether plaintiff met LOI 5.08A [Doc. 15]. In this case, however, there is evidence of record which appears might support a finding of disability based on LOI 5.08A. Plaintiff testified that he is six feet one inch and weighs 112 pounds (Tr. 521). On October 29, 2000, plaintiff weighed 135 pounds (Tr. 366). On May 2, 2001, plaintiff weighed 125 pounds (Tr. 312). By June 12, 2003, plaintiff's weight was down to 122 pounds, already of listing level severity (Tr. 134). On August 22, 2003, plaintiff weighed 110 pounds and was noted to have a history of approximately 20 pounds weight loss (Tr. 327). On August 23, 2003, plaintiff's height was 72" and his weight remained 110 pounds. Plaintiff's family reported that he had lost nine pounds in one week and that he had tried drinking Boost and Ensure Plus (Tr. 340). During pulmonary function testing on September 17, 2003, plaintiff's height without shoes was recorded as 72 inches (Tr. 137).

By April 29, 2005, plaintiff only weighed 117 pounds (Tr. 208). On September 5, 2005, plaintiff was noted to be having trouble with weight loss and was losing weight. Colonoscopy yielded the impression of irritable bowel syndrome and polyps (Tr. 423-427). On October 27, 2005, plaintiff weighed 114 pounds. A medical doctor noted that plaintiff was eating about 5,000 calories

3

per day and not gaining any weight. The diagnoses included weight loss, for which malabsorption was suspected (Tr. 404-405). On April 4, 2006, plaintiff's weight was 116 pounds.

On March 14, 2006, a medical doctor noted plaintiff's lack of weight gain and possible decrease in pancreas absorption (Tr. 385). Plaintiff's height was recorded as six feet (72 inches) and his weight was down to 109 pounds (Tr. 387). On April 26, 2006, plaintiff was eating 8,000 calories per day, not gaining weight, and he weighed 116 pounds. A medical doctor diagnosed intestinal malabsorption and loss of weight (Tr. 411-421).

The plaintiff has submitted case law authority that an ALJ must fully analyze whether a claimant's impairment meets or equals a listed impairment "where there is factual support that a listing could be met." Huntington v. Apfel, 101 F. Supp.2 384, 391 (D. Md. 2000), citing Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986). Further, the ALJ's analysis must reflect a comparison of the symptoms, signs, and laboratory findings concerning the impairment, including any resulting functional limitations, with the corresponding criteria set forth in the relevant listing." Id., citing 20 C.F.R. §§ 404.1526(a), 416.926(a); Cook, 783 F.2d at 1172.

The Court can only conclude that this was not done by the ALJ in the present case. That being said, it is not certain that the record establishes disability, and certain parts of the record are troubling in light of the alleged disability based on shortness of breath and asthma. For example, the plaintiff admitted that he continues to smoke cigarettes every day because it "gives me something to do". Also troubling is the fact that the plaintiff has made no attempt to find employment since he moved to Tennessee from Florida, where he had been employed previously (Tr. 522-523, 526-527).

4

It is **RECOMMENDED** that this case be **REMANDED** to the defendant Commissioner for further proceedings consistent with this Report and Recommendation. To that end, it is **RECOMMENDED** that the plaintiff's Motion For Summary Judgment [Doc. 10] be **GRANTED** only for remanding the case as aforesaid. It is also **RECOMMENDED** that the defendant's Motion For Summary Judgment [Doc. 14] be **DENIED**.[1]

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).